# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RIVERVIEW HEALTH INSTITUTE, LLC, *et al.*, | : | |
| | : | |
| Plaintiffs, | | Case No. 3:12cv00428 |
| | : | |
| vs. | | District Judge Walter Herbert Rice |
| | : | Chief Magistrate Judge Sharon L. Ovington |
| NORTH AMERICAN LASERSCOPIC SPINE INSTITUTE, *et al.*, | : | |
| | | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiffs originally filed this case in state court asserting many claims against Defendants including, for example, fraud, civil conspiracy, and breach of contract. Defendants removed the case to this Court on December 31, 2012, invoking subject matter jurisdiction based on the parties' diversity of citizenship. The case proceeded through Defendants' Answers, the parties' Rule 26(f) Report, the Court's Preliminary Pretrial Order (later partially amended), and an Agreed Protective Order.

The jurisdictional waters began to roil, however, on or near February 4, 2014, when Defendants' counsel realized that they "were operating under the mistaken belief"

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

that complete diversity of citizenship – and hence subject matter jurisdiction – existed. (Doc. #21, PageID at 228). Their realization occurred when they "discovered through the course of discovery that a member of Defendant North American Laserscopic Spine Institute, LLC is an Ohio citizen." *Id*. As a result, counsel filed Defendants' Motion to Remand. *Id*. The Court then granted Plaintiffs "thirty days to do sufficient discovery to determine whether it wishes to join Defendants' Motion to Remand." (Doc. #25). Once Plaintiffs subsequently indicated that they would not oppose Defendants' Motion, the Court remanded the case to state court. (Doc. #26).

This case is presently before the Court upon Plaintiffs' Motion for Fees and Costs for Wrongful Removal (Doc. #27), Defendants' Response in Opposition (Doc. #29), Plaintiffs' Reply (Doc. #30), and the record as a whole.

Plaintiffs argue that an award of attorney fees and costs is warranted under 28 U.S.C. §1447(c) because Defendant North American Laserscopic Spine Institute lacked any objectively reasonable basis for removal. In response, Defendants do not specifically contend that they had an objectively reasonable basis for removing the case from state court. They instead view Plaintiffs' attorney fees and costs as non-compensable because they did not incur those fees and costs "as a result of the removal," as §1447(c) mandates.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of fees and just costs under §1447(c) is neither automatic nor

presumed when a mistaken removal has occurred. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136-38, 126 S.Ct. 704 (2005); *see also Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1059 (6th Cir. 2008). It is within this Court's discretion to require, or not, payment of attorney fees and costs under 28 U.S.C. §1447(c).

"'Absent unusual circumstances,' courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.'" *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704 (2005); *see Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1059 (6th Cir. 2008).

As previously noted, Defendants do not specifically challenge Plaintiffs' assertion that Defendant North American Laserscopic Spine Institute lacked any objectively reasonable basis for removing this case from state court. *See* Doc. #29, PageID at 254-55. Consequently, the parties' central remaining dispute concerns the meaning of §1447(c)'s requirement that plaintiffs in a wrongfully removed case may recover the attorney fees and costs they incurred "as a result..." of the mistaken removal.

Defendants insist that Plaintiffs did not incur fees and costs as a result of the mistaken removal. Defendants contend that courts construing §1447(c)'s "as a result of removal" language have limited plaintiffs' recovery for wrongful removal to the fees and costs incurred "'researching and briefing a motion to remand.'" (Doc. #29, PageID at 254). In support of this proposition, Defendants cite *Playa Marel, P.M., S.A. v. LKS*
3

*Acquisitions, Inc.*, 2010 US Dist LEXIS 40699 at *2, 2010 WL 1372412 2010 at *2 (S.D. Ohio, Mar. 31, 2010)(Rose, D.J.) (collecting cases). Defendants point out that as soon as they learned about the lack of complete diversity, they moved to remand the case to state court without opposition or briefing by Plaintiffs. Defendants contend:

> [T]he only costs Plaintiffs incurred because of the motion to remand in this case were the costs they incurred because of their decision to ask the Court for time to conduct unnecessary discovery relating to Defendants' motion.... Awarding Plaintiffs costs and expenses for engaging in unnecessary discovery, as they did here, would create an improper incentive for lawyers to do unnecessary work to rack up fees.

(Doc. #29, PageID at 255). Plaintiffs therefore incurred no compensable attorney fees and costs as a result of the mistaken removal, according to Defendants.

Defendants' reasoning is not persuasive because it rests on dictum from *Playa Marel* and an overly restrictive construction of §1447(c)'s "incurred as a result of the removal" language. The dictum in *Playa Marel* was its observation that "All of the cases found which specifically address the amount of attorneys' fees and costs awarded, award attorneys' fees and costs only for researching and briefing a motion to remand." 2010 WL 1372412 at *2. This constituted dictum because the District Court in *Playa Marel* specifically adopted a potentially broader reading of §1447(c), finding, "The phrase 'incurred as a result of the removal' means attorneys' fees and costs incurred to prosecute a remand effort." *Id*., 2010 WL 1372412 at *3; *see Shooter Const. Co., Inc. v. Wells Fargo Ins. Servs. USA, Inc.*, 3:11-CV-181, 2011 WL 6339680 (S.D. Ohio Nov. 28, 2011) (Merz, M.J.) (characterizing as dictum *Playa Marel's* statement that "[a]ll of the cases

4

found..., impose fees and costs only for researching and briefing a motion to remand."). This was a potentially broader reading of §1447(c) because it could encompass more than just "fees and costs for researching and briefing a motion to remand." As Magistrate Judge Merz cogently explains in *Shooter Const.*:

> The natural reading of "incurred as a result" is that expenses that result from – are caused by – the improper removal are compensable. That would include, but not be limited to, expenses incurred in prosecuting a remand motion. It would also include, for example, the necessary expenses of being in the "second judicial system" referred to by the Seventh Circuit in *Garbie, supra*[2]*:* expenses of obtaining counsel and having them enter appearances, participate in the Fed. R. Civ. P. 26(f) conference and prepare the joint report of that conference, and then participate in the scheduling conference with the District Judge. A plaintiff even with a concededly meritorious remand motion cannot count on its being granted before other case activities take place.

*Shooter Const.*, 3:11-CV-181, 2011 WL 6339680 at *2 (footnote added). In addition, Judge Merz explained that the natural reading of §1447(c)'s "incurred as a result..." language is "consistent with the purpose of Congress' recent amendments to §1447(c) which the Supreme Court recognized in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140, 126 S.Ct. 704 (2005). 'The Court saw the purpose of assessing fees and costs upon remand as reducing the use of removal to delay litigation and to impose costs on plaintiffs.'" *Shooter Const.*, 3:11-CV-181, 2011 WL 6339680 at *2 (quoting, in part, Wright, Miller, Cooper & Steinman, <u>Federal Practice and Procedure</u> 4th, § 3739 at 891).

---

[2] *Garbie v. DaimlerChrysler Corp.,* 211 F.3d 407, 411 (7th Cir. 2000).

District Judge Rice accepted this reasoning in the same case (although under a different caption). *See Shooter Const. Co., Inc. v. Accordia of Ohio, LLC*, 3:11-CV-181, 2011 WL 6370061 (S.D. Ohio Dec. 19, 2011).

In the present case, as in *Shooter Const.*, it is consistent with congressional purpose to construe §1447(c) as permitting plaintiffs to recover attorney fees and costs for improper removal including those "that result from – are caused by – the improper removal.... That would include, but not be limited to, expenses incurred in prosecuting a remand motion." *Shooter Const.*, 3:11-CV-181, 2011 WL 6339680 at *2. The mistaken removal has caused a delay in the ultimate resolution of this case since more than one year passed from the date of Defendants' mistaken removal (on December 31, 2012) and the date (in early February 2014) when Defendants' counsel discovered the lack of complete diversity of citizenship and the resulting absence of subject matter jurisdiction.

The mistaken removal has also caused Plaintiffs to incur "as a result of the removal" the attorney fees and costs related to their decision to ask this Court for additional time to conduct discovery for the purpose of determining whether they should join Defendants' Motion to Remand. Although Defendants contend otherwise, arguing that such discovery was unnecessary in light of the Declaration (by small minority equity holder Christopher Bryant Smith, *see* Doc. #21, PageID at 229, 231)) they provided to Plaintiffs, Judge Rice recognized, at least implicitly, the need and propriety of such discovery by granting Plaintiffs thirty days "to do sufficient discovery" on this limited

issue. (Doc. #25). Given this, the record lacks any indication that Plaintiffs attempted to improperly "rack up" their attorney fees and costs.

In sum, Plaintiffs are entitle to recover under §1447(c) the fees and costs they incurred as a result of – were caused by – Defendants' mistaken, and therefore, improper removal of this case from state court. This includes, but is not limited to, expenses incurred in prosecuting a remand motion. *See Shooter Const.*, 3:11-CV-181, 2011 WL 6339680 at *2.

Accordingly, Plaintiffs' Motion for Fees and Costs for Wrongful Removal is well taken. Plaintiffs have not provided information about the amount of "just costs and any actual expenses...," 28 U.S.C. §1447(c), they incurred as a result of the mistaken removal. Keeping in mind that such costs and actual expenses must be reasonable, *see Shooter Const.*, 3:11-CV-181, 2011 WL 6339680 at *2 (citing, in part, *Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir.1999)), Plaintiffs will be given an opportunity to request an award of the specific amount of reasonable fees and costs they seek to recover under §1447(c), supported by an itemized statement of those fees and costs.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiffs' Motion for Fees and Costs for Wrongful Removal (Doc. #27) be GRANTED;

2. Plaintiffs shall submit, **by June 20, 2014**, a memorandum directed at identifying and establishing the amount of reasonable fees and costs they seek to recover under 28 U.S.C. §1447(c), supported by an itemized statement of their reasonable fees and costs; and

7

3. Further briefing (opposition and reply memoranda, if any) will then proceed under the deadlines set by S.D. Ohio Civ. R. 7.2(a)(2).

June 6, 2014

                                           s/Sharon L. Ovington
                                             Sharon L. Ovington
                                   Chief United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).